All right, our third case for this morning is United States v. Bradford. And Ms. Berman, we are ready for you if you are ready for us. Good morning, Your Honors, Counsel, and may it please the Court. My name is Jennifer Berman, and I represent the appellant, David Bradford, in this appeal. Mr. Bradford is challenging his conviction because the district court committed two reversible evidentiary errors that led to the admission of inadmissible and prejudicial evidence against him at trial. In addition, Mr. Bradford challenges the sufficiency of the evidence with respect to the drug distribution conspiracy count, specifically with respect to the special verdict that found Mr. Bradford guilty of conspiring to distribute cocaine. The first evidentiary error that the district court committed occurred when it improperly admitted evidence of several violent incidents that were unrelated to the charges that Mr. Bradford faced. We identified four of those incidents in our opening brief. So could you say a word or two about forfeiture of these arguments? Because, you know, there's some discussion about this before the trial, but the judge gives you a somewhat open-ended ruling. He says the evidence is okay if it's going to be okay, more or less, but he doesn't seem to resolve it enough, or you can explain to me why he resolves it enough that you didn't have to, or Mr. Bradford, I don't know if it was you who was representing him, but Mr. Bradford didn't have to renew the objection at the trial. Your Honor, respectfully, the district court did not simply say the evidence is okay if it's okay. The district court's ruling said that the evidence that was discussed in the government's brief was, quote, relevant evidence directly related to the charges in the indictment. And in the very next paragraph, the court concluded that to the extent that Mr. Bradford's motion goes to the relevant evidence directly related to the charges in the indictment, it is denied. So where he says to the extent, that's what concerns me because I, you know, once evidence actually comes in at a trial, some of it may be inside the confines of what's relevant to one of the charges and some of it may not be. And I was actually, you know, I had some concern about some of the evidence for some of the reasons you suggest, but if the objection wasn't sufficiently targeted at the problematic nature of this, then we would be on plain error review, which is obviously more difficult. Well, Your Honor, Mr. Bradford's motions, at least one of them specifically referenced Rule 404B. So the objection itself was specific enough. But the judge didn't think it was 404B evidence. The judge thought it was direct evidence of the charges. That's correct, and that was made clear from the district court's ruling, that the evidence that was outlined specifically in the government's brief was direct evidence, and that direct evidence would be admissible. Now to find that evidence. Counsel, my worry, like Chief Judge Woods, is the very last sentence of this order. It says, however, to the extent that the evidence goes to conduct that is not relevant to the charges in the second superseding indictment, it is granted. Doesn't that require the lawyers, when trial comes, to raise their hands and say, I think this is a piece of evidence that comes within that last sentence, and therefore it should be excluded? Not with respect to the evidence that was already ruled upon. The district court's ruling. There's no mention of any evidence here. This curious reference to the government's brief doesn't seem to say everything is relevant, because otherwise his last sentence is meaningless. That's correct. And so the district court's ruling left open the possibility that other evidence that the government attempted to elicit could fall outside the scope of direct evidence, but that the evidence that was specifically discussed in the government's brief fell within the district court's definition of what direct evidence was, and therefore that objection was preserved. What do you think the definite article refers to? To the extent that the evidence. What evidence is the judge referring to there, other than the evidence the judge has already talked about, discussed by the party's submissions? I don't know exactly what the district court was. Yeah, well, that's the problem. That's the reason why you need to object to trial and find out what the definite article means. Well, I think that the definite article left open the possibility that there was other evidence that the government could shoehorn in under this direct evidence. And loaning the gun to Harris and threatening Debo and asking Smith, I guess, to steal the car and robbing Boo Man. I mean, those are the four pieces of evidence. So your theory has to be that maybe something else, not one of those four topics, or additional behavior in conjunction with that. I'm not sure where we're going. Yes, I think that the district court anticipated that there may be other evidence that the government tried to get in, and that if that evidence came arguably within the bounds of Rule 404B, then that evidence would be ruled upon by trial. But the district court's ruling on the four specific incidents that were outlined in the government's brief were definitively ruled upon, and therefore the abuse of discretion standard applies. Now, as we outlined in our briefs, it appears that the real reason the district court did not apply Rule 404B was because it was relying on outdated case law that applied a doctrine known as the inextricable intertwinement or the intricately related doctrine. And that doctrine was overruled years ago in United States v. Gorman. In fact, the language that the district court used to justify its ruling is almost identical to the language that this court used in United States v. Hicks. But, you know, let's take loaning the gun to Harris. One of the charges is a drug conspiracy. One of the charges is unlawful possession of a firearm, transfer of a firearm. It seems to me if the government is trying to show that he has a firearm, then evidence that shows he's loaning firearms to other people looks pretty direct to me. Why is that under 404B? Because to constitute direct evidence that falls outside of the scope of Rule 404B, the evidence must tend to prove the elements of the crimes charged. And one of the charges, he's got a bunch of firearms charges, and this is evidence that he has firearms and he's giving them to other people. So it looks to me as though that at least counts as direct evidence. Maybe not for every charge, but that's not the standard. If it's direct evidence even for one of the charges, that's fine. Correct. As Your Honor noted, there was a 924C charge for possession of a weapon, but it was possession of a weapon in furtherance of a drug conspiracy or a drug trafficking crime. Well, if you're taking on, it's your case, but if you're taking on the notion that drugs and guns, that guns can be used to further a drug conspiracy, you have a serious mountain to climb, I think. Well, the government was required to show a connection between the possession of firearms and the alleged drug conspiracy, and none of these four incidents that we're challenging on appeal bear that connection. I thought the government indicated that this loan of the gun was to provide Harris with something to protect him in his area, and the area meant where he was selling marijuana. Well, there simply was no evidence that the lending of the gun to Mr. Harris in this instance was related to drug trafficking. It showed instead that the lending of the gun and that the use of the gun was to settle a personal dispute between Mr. Harris and someone who had disrespected him. Right. So there may have been something beyond the scope, but it seems to me exactly, to get back to the district court's order, the loan of the gun itself and the notion that the area is the area in which he distributes marijuana sounds central to the charges. And in contrast, the notion that Harris also decides he's going to settle a personal dispute with somebody appears to me to be beyond the charges. But doesn't that need to be teased out at trial? And it wasn't teased out at trial. Right. That's the problem. And, Your Honor, I would just note that if any one of these incidents was found to be improperly admitted under Rule 404B or that it fell outside the scope of Rule 404B but was not direct evidence, then that would be enough for this court to overrule Mr. Bradford's convictions. Now, the district court also abused its discretion by Well, we would still have to think of harmless error. You would, Your Honor, and these errors were not harmless. The government spent a significant portion of its case talking about this evidence. It highlighted the evidence during closing arguments, and the government's decision to focus the jury's attention on these violent incidents as opposed to the direct evidence of the charges that Mr. Bradford faced suggests that its case would have been significantly less persuasive without this evidence. And that's the standard that we have to meet to overcome the harmless error standard. Now, the district court also abused its discretion by failing to balance the prejudicial effect of these violent incidents against any potential probative value that they may have had. So whether direct or 404B, after Gomez, 403 plays a role. That's right, Your Honor. And the district court failed to do any balancing of the prejudicial effect versus the probative value. And that alone can constitute reversible error. Now, I'd like to turn to the second evidentiary error, which occurred when the district court denied Mr. Bradford's motion to suppress the evidence of guns and drugs that were discovered pursuant to the June 9, 2014 search warrant. The recent information in the ATF's warrant application all came from a confidential informant, who later was revealed to be Mr. Bradford's friend, Daniel Smith. There was a certain amount of background work, too, that had gone into that. There had been a collaborative effort among a number of government agents, the ATF people, there were some audio recordings. It wasn't quite as stark as it may seem. It wasn't, but the most recent information, the information that had not become stale, came from the confidential informant. And the ATF admitted at the later suppression hearing that it knowingly omitted information about the informant's credibility. And because law enforcement knowingly omitted this key information from the warrant application, the magistrate was unable to fill its role as a neutral arbiter, as is required under Glover. And so under Glover, there was insufficient basis for finding probable cause, and this evidence should have been suppressed. Now, finally, I'd like to briefly turn to the conspiracy argument. Mr. Bradford is challenging the sufficiency of the evidence with respect to the cocaine distribution conspiracy. To prove Mr. Bradford guilty of conspiracy to distribute cocaine, the government was required to establish the existence of an agreement between Mr. Bradford and another individual to distribute cocaine to others. Evidence of a mere buyer-seller agreement does not suffice to prove a conspiracy. The marijuana conspiracy supports the conviction on count one, does it not? That's unchallenged here. We are not challenging the marijuana conspiracy on appeal. The government chose to lump both the marijuana conspiracy and the cocaine conspiracy into one count. Well, it's just a controlled substances statute, so why can't they do that? They can do that, but to find Mr. Bradford guilty of specifically a Class A felony with respect to his conspiracy to distribute cocaine, there had to be sufficient evidence to prove the conspiracy. And as we outlined in our briefs, the evidence merely showed a buyer-seller agreement which is insufficient to prove conspiracy. We didn't know anything about the alleged suppliers who were Mr. Bradford's alleged cocaine co-conspirators with respect to the cocaine distribution count. And as a result, there was insufficient evidence to prove Mr. Bradford guilty of that. Does this have any practical significance or even legal significance here if the special verdict on the cocaine conspiracy, the 28 grams, is vacated? It does, Your Honor, because if the conviction on conspiracy is vacated, then Mr. Bradford will only have been convicted of two Class A felonies. But the marijuana conspiracy conviction, I mean, count one remains based on the marijuana conspiracy. It's our position that the entire conviction for conspiracy will have to be vacated if there's insufficient evidence to support the cocaine distribution conspiracy because of the way that the government charged this case. And because the district court imposed a sentence that was five years above the minimum of the guideline range, it's plausible to believe that he did so because he was influenced by the fact that there was an additional Class A felony. If Your Honors have no further questions, I'll move on. Okay. That's fine.  Good morning, Your Honor. Counsel, may it please the Court. Your Honors pointed out the disagreement the parties have with respect to the appropriate standard of review on the lead argument in Mr. Bradford's brief. I submit that the courts have properly identified that the correct standard of review here should be review by plain air only. It's significant, Your Honor, that... that he agrees or finds that the evidence talked about in the prosecutor's memorandum is relevant. Yes. If I could just back up a little bit, Judge Easterbrook. It's significant that the defendant's motion in limine was very, very general. It was general to the point of it just said they wanted the court to prohibit the government from introducing evidence that firearms seized in the case were involved in other crimes. The response of the government to that was... Oh, and they did object under 404B. The response to the government was that government doesn't intend to introduce 404B evidence. These are the areas of evidence the government intends to elicit, the four discussed in the brief. That may be what the defendant is referring to in his motion in limine. So the government laid out the areas where the judge might want... This still leaves me puzzled. Let's be concrete. One of the incidents is the one in which the defendant lent Harris a Mossberg rifle. Yes. And that evidence was allowed to come in. Now, there's a felon in possession charge. Was he charged with possessing the Mossberg rifle? Yes. It's specifically named, Your Honor, in Counts 2 and 8 of the indictment. It's specifically alleged in the 924C charge. There's three firearms named. The three that were seized, actually, on June 8th are the three that are named in Counts 2 and Counts 8. All right. I think that's what we need to do for these four categories to go category by category and then see how that shows the charge, because otherwise what this looks like is we're trying to show the defendant's lifestyle, to show that he's leading a violent and criminal lifestyle, and that's unambiguously barred by Rule 404B. So we've really got to analyze each of these sets of evidence one by one. All right. And the district judge didn't do that, and that leaves us with some problems here. Well, and I agree with the court's earlier point that the district judge was simply saying, well, if the evidence is as the government suggests in its reply, it's admissible as direct evidence. If it's not, it's inadmissible. Well, but that wasn't quite what, at least if you're talking about me, that's not quite what I was saying, because the government's brief, as you just, again, confirmed, does single out these four different areas. And so a rational person in the defendant's position might think, well, I have a ruling about the four particular things that have been raised, and under the Wilson against Williams decision, you know, I'm entitled to rely on a specific ruling. Obviously there are other things out there, other uses, and maybe I'll have to deal with that later, but the core of those four things has been identified and ruled upon. If that's the case, then, you know, certainly still review it, but we're just reviewing it for ordinary error, not plain error. I didn't take the court's order in that manner that, okay, as to these four areas, it's okay, and to other areas that might come up, it's not okay. There were only four areas presented to the judge that the government intended to elicit evidence. But when you say areas, you mean types of evidence, I assume. Yes. I laid out, Your Honor, for the court in my response, which the court can, of course, see in the record, the areas I thought the defendant might be talking about, because his motion in Lemonade was so general. No, I understand your motive, but the question is what did the court rule on and what? And so we have this loan of the gun to Harris. We've got threatening. We've got, you know, these particular things. And if the court has said this can come in and here's the charge that it's relevant to and here's why it's relevant, it probably wouldn't be here if the court had done all of that. But that's kind of what we're looking for. Well, you know, I can only tell you what my understanding of the order was. My understanding was that it all depended on the evidence at trial. We were just sort of bringing this to the court's attention. This is evidence the government intends to elicit. But, again, let's be specific. Sure. A bunch of people testified that Bradford has an altercation with Debo in retaliation for stealing marijuana. Yes. And so there's some violence in conjunction with that. Yes. So if that precise evidence comes in, the court's already ruled that it's relevant. So the defense counsel surely has no obligation to raise yet another objection to that evidence. I would respectfully disagree, Your Honor, that that is the law in this circuit. Well, Wilson says when there's a definitive ruling, actually the Federal Rules of Evidence say that. I understand your argument to be that this is a non-ruling ruling. I agree. But it decides nothing. Right. It is saying, it is alerting the defense that given what the government says its evidence is going to be, it would be direct evidence, but allowing for the condition that maybe this isn't what the evidence is going to show. If that's not what the evidence shows, then the motion is granted. Right. The decision, the two lines that constitute the supposed ruling are functionally a non-ruling. If it's relevant, I'm going to admit it. If it's not relevant, I'm not going to admit it. I agree. The judge is simply, he's been made aware of what might come in, what might not come in. It appears to be direct evidence given the government's response, but we have to wait to see what happens at trial. So I think the question in my mind was open. There was no contemporaneous objection to any of this evidence, and therefore I believe the plein air standard applies. But let me get to the concreteness that Judge Easterbrook has asked me to get to. I feel that the court, from what I'm hearing, is satisfied that the loan of the Mossberg was direct evidence. No, the court has asked questions. We'll tell you in a while whether we're satisfied with the Mossberg. I'm sorry. I understood. I apologize, Your Honor. Let me then say why I think the Mossberg was directly relevant to the charged crime. One, recent possession of the same gun that was seized from Bradford and charged in the indictment. I would point the court to its Miller decision and the candidate decision cited in the government's brief. Two, pursuant to this court's Thompson decision, it showed Bradford's protection of his drug conspiracy, the continued success of his conspiracy, the ability of his distributor to distribute in his gang's territory without disrespect by others. It showed the possession of the gun as charged in Count 8, not someone else. It linked the gun to the defendant. As a court will recall from the evidence, when the gun was seized, the Mossberg, it was in the hidden, it was in the makeshift wall in the basement of Bradford's house. His brother slept down there, too. Other people lived in this house. So there was a necessity for the government to link this gun to Mr. Bradford as the felon in possession, as the person using the gun in furtherance of the conspiracy. Those are some of the reasons, Your Honor. There are more stated in my brief. I would like to get to the second one, Deboe. The evidence relating to Deboe was very relevant because it happened between mid-May and June 8, June 8 being basically the second search warrant and sort of the end of the conspiracy right before Bradford fled the area. This was within the time frame of the charged conspiracy. It established indirectly that Bradford did have marijuana because it was stolen from him. It established again how Mr. Bradford conducted business, his willingness to resort to violence, to seek retribution. Why is how he conducted the business, this is one of the arguments Ms. Berman has made, relevant to just the question whether he's in the business? Well, Your Honor, I'm going to point the court to... I mean, he could have been very nice and sent people invoices, I suppose. It still would have been an illegal drug conspiracy. Judge, in introducing the evidence in this way, I was relying on this court's decisions in Hicks, how a conspiracy operated is relevant to there being a conspiracy. The conspiracy charged in the indictment, which the government must prove in Hicks, evidence of murder and violence of the conspirators came in. Although the murder wasn't charged, the violence wasn't charged. Turf protection and retaliation against rivals, et cetera. To me, it all shows the fact that there is an agreement to distribute drugs. And if you're involved... To distribute something illegal, I might just amend, because the methodology I can see could have some bearing on whether you are running a McDonald's franchise, which presumably you can just do out in the open, or whether you're running an illegal business. Right. It's an illegal business. And illegal businesses can't resort to police protection. They can't call the police when there's a problem. So instead, as this court's line of cases have established, firearms are evidence of drug trafficking. The use, possession of them, because necessarily drug traffickers have to rely on themselves to protect their business, keep it moving forward, get rid of rivals, all of these sorts of things. So for all of those reasons, Your Honor, and more stated in the brief, I would submit respectfully that the Debo evidence was directly relevant. I would like to specifically talk about testimony of Jeremy Harris in this regard. Jeremy Harris was one of Bradford's distributors. He was the brother of Raphael Harris. He said in regard, he knew about this theft and Bradford's efforts to get retribution from Debo, and he said he testified, street code, and those were his words, required the defendant to do something about that theft. Otherwise, others would continue to take advantage of him. Of course, the pistol whipping shows Bradford's use of firearms, the 924C count, count 2, and indirectly as to count 8. I've cited one case, Your Honor, in the brief. It is an A circuit case, Rodriguez, spelled a little differently, that is directly on point with the pistol whipping, stating that, you know, pistol whipping is evidence of the conspiracy when it's done in an effort to get retribution for theft or some other misconduct by outsiders. The robbery of the drug source, that's the other evidence the government maintained was directly relevant to the charged crimes. There wasn't a lot of evidence, frankly, Your Honors, about the crack distribution of Bradford. Other than, of course, the two control buys were huge, but Raphael testified that he knew Bradford distributed cocaine, but he didn't participate in that part of the conspiracy. Jeremy Harris testified that Bradford distributed marijuana. Del Hawkins testified Bradford distributed marijuana. The evidence of the cocaine distribution largely came from the CI, the two control buys, and the evidence surrounding those two control buys. One of the reasons... Oh, I see my time is up. You have a minute. Okay. Finish your thought. One of the reasons that this was relevant is because it showed why this source of supply was no longer available to Bradford. She had suggested that Bradford commit a robbery. He was offended by that and in turn asked someone who used to be a co-conspirator, now a CI, would you rob her of drugs and money? So it showed his motivation for possessing guns, why guns are important to the drug trafficking business, because you might get robbed. They're always trying to protect themselves against robbery. So I would argue, Your Honor, that all the evidence was directly related to the crime, that the proper analysis is under plain error, review of those evidentiary rulings of Judge Herndon, and I would respectfully rely on my brief. Before you sit down on the issue of the cocaine conspiracy, count one, whether the marijuana conspiracy, which is unchallenged here, that evidence is unchallenged, whether that's sufficient to support the conviction on count one and whether there's any difference, practically speaking, in terms of sentencing. You're raising all the, I think, all the right, I agree with all that these are all right points. It makes no practical difference. The conspiracy stands. I would also point out, Your Honor, that the crack cocaine was going to be relevant conduct anyway. There's no challenge to the two controlled buys, and the special verdict came with the second controlled buy, the larger of the two, so that relevant conduct would have been considered by the court in any event. So I would agree there is no practical effect, even if she were to be successful, or he were to be successful. Thank you. All right. Thank you very much, Ms. Morrissey. Anything further, Ms. Berman? Your Honor, if you'll allow, I have just two brief questions. Certainly. Yes. I think you were down to maybe your last minute, but you can make your points. Your Honor, during the government's argument and in its briefs, it referred you to a number of cases relating to Rule 404B. It referred you to Hicks. It referred you to Thompson. And I just urge you to take a look at those decisions because all of those decisions came before the inextricable intertwinement doctrine was overruled in Gorman. Now, specifically in Hicks, the court held that evidence of uncharged violent acts was admissible without reference to Rule 404B because it was intricately related to the defendant's drug conspiracy charge in that it, quote, showed how the conspiracy conducted its business. And that's exactly what the district court held here, and that theory of admissibility was overruled in Gorman. Now, with respect to the drug distribution conspiracy, specifically the cocaine distribution conspiracy, the government itself conceded that there was not a lot of evidence, other than the two controlled buys, on the conspiracy element of the cocaine distribution. And I'd urge you to look at this court's decision in Cologne where the court held that although the guideline range for an underlying possession count and a conspiracy count would have been the same, because the district court imposed a sentence above the minimum guideline range, that the defendant was entitled to a resentencing. And at the very least, that's what we're asking for here. All right. Thank you very much. Thank you, Your Honor. And you accepted this case by appointment, I believe. And we appreciate your efforts very much on behalf of your client and for the court. Thank you, Your Honor. Thanks as well to the government. We will take this case under advisement.